## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| SPENCER GODBURN, ) | |
| ) | Civil Action Number:  3:14-cv-114 |
| Plaintiff ) | |
| ) | FLSA Action |
| v. ) | |
| ) | |
| ADAMS TILE & TERRAZZO, INC., ) | |
| a Georgia Corporation, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Spencer Godburn (hereinafter "Plaintiff") by and through his undersigned counsel, and files this Compliant against Defendant Adams Title & Terrazzo, Inc. (hereinafter "Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1.     The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff of his lawful overtime wages.

2.     Plaintiff has been employed by Defendant as a flooring installer since approximately 2008.

3.     Since at least three years prior to the filing of this Complaint, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

4.     Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

### JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

6.     Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the State of Georgia and the jurisdiction of this Court and because Defendant has its principal office in this District and is subject to personal jurisdiction in this District.

### PARTIES

7.     Plaintiff resides in Jensen Beach, Florida.

8.     At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.  Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendant.

9.     Defendant is a corporation formed under the laws of the State of Georgia and operates a tile and terrazzo flooring business with its principal place of business at 1101 Old Creek Road, Suite B1, Athens, Georgia 30607.

10.    Defendant conducts business within this State and District.

11.    Defendant maintained either actual or constructive control, oversight and direction of Defendant's flooring installers including the employment and pay and other practices.

12.    Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Scott Adams, 377 Adams Hill Road, Nicholson, Georgia 30565.

13.    At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

14.   The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

15.   At all times relevant to this action, Plaintiff's primary duties were manually installing flooring at the location of Defendant's customers.

16.   Defendant's customers are located at least throughout the southeast United States and the flooring installers traveled to Defendant's customers to install the flooring bought by the customer.

17.   One of Defendant's customers was Publix supermarket.

18.   Defendant assigned a group of installers to a particular project and the installers traveled to the customer's location and installed the flooring.  Typically, the installation project would take between five to seven days.

19.   Defendant compensated Plaintiff on an hourly basis.   Plaintiff's current hourly rate is $13.00 per hour.

20.   At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

21.   Defendant required Plaintiff to regularly work in excess of forty hours per week.

22.     However, Defendant only compensated Plaintiff his regular hourly rate for all hours including all hours over forty in a workweek.

23.     Defendant did not compensate Plaintiff at a rate of one and one-half times his regular rate for all hours over forty in a workweek.

24.     Defendant was aware that Plaintiff regularly worked more than forty hours each workweek as Defendant maintained time records of Plaintiff's work.

25.     Defendant was aware that Plaintiff was entitled to a rate of pay of time and one-half for all hours over forty in a workweek.

26.     Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

27.     Defendant failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed, at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

28.     Defendant is liable to Plaintiff for compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one-half times Plaintiff's regular rate at which Plaintiff was legally required to be paid

under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

29.   By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

30.   As a result of Defendant's failure to act with good faith in compensating Plaintiff, Plaintiff is entitled to liquidated damages.

31.   Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

32.   Plaintiff demands a jury trial.

## COUNT I

33.   Plaintiff repeats and incorporates by reference all preceding Paragraphs. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

34.   Defendant has willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

35.    As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

36.    Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

37.    As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial and is entitled to recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation and relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A.    That Plaintiff be awarded damages plus an equal amount of liquidated damages;

B.    That Plaintiff be awarded reasonable attorneys' fees;

C.    That Plaintiff be awarded the costs and expenses of this action;

D.    That Plaintiff be awarded judgment in his favor; and

E.   That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 10th day of December, 2014.


                         MARTIN & MARTIN, LLP

                         By:   *Kimberly N. Martin*
                               Kimberly N. Martin
                               kimberlymartinlaw@gmail.com
                               Georgia Bar No. 473410
                               Thomas F. Martin
                               tfmartinlaw@msn.com
                               Georgia Bar No. 482595

                               MARTIN & MARTIN, LLP
                               Post Office Box 1070
                               Tucker, Georgia 30085-10170
                               (404) 313-5538/ (770) 837–2678 Fax